IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND BARLOW | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 02-CV-4643 |
| v. | : | |
| CITY OF PHILADELPHIA and PHILADELPHIA POLICE DEPARTMENT | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
PARTIAL MOTION TO DISMISS THE COMPLAINT**

Defendants City of Philadelphia and Philadelphia Police Department[1] (hereinafter "defendants") submit this Memorandum of Law in support of their Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**[2]

Plaintiff began his employment with the defendants on April 4, 1966. See Complaint at ¶ 7. He was initially employed as a Police Officer, but was promoted to the position of Police Sergeant in January of 1982. Id. On or about May 1, 1999, plaintiff was reassigned from the Special Investigative Unit to another administrative position. Id. at ¶ 10.

---

[1] Because municipal agencies of the City of Philadelphia do not maintain a separate corporate existence, "all suits growing out of their transactions . . . shall be in the name of the City of Philadelphia." 53 P.S. §16257. Accordingly, federal and state courts routinely dismiss civil lawsuits that name as defendants' individual City agencies. See, e.g., Lynch v. City of Philadelphia, 2001 WL 752641, *1 (E.D. Pa. June 29, 2001) (dismissing complaint against Philadelphia Police Department ("PPD")); Zamichieli v. Stott, 1999 WL 447311, *3 (E.D. Pa. July 1, 1999) (same); Lumumba v. Philadelphia Dept. of Human Services, 1999 WL 345501, *4 (May 21, 1999) (dismissing complaint against Philadelphia Department of Human Services ("DHS")).

[2] For purposes of the instant motion to dismiss, the facts alleged in plaintiff's Complaint are deemed true. See Conley v. Gibson, 355 U.S. 41, 45 – 46 (1957).

On October 26, 1999, plaintiff was chosen to supervise the 11:00 PM to 7:00 AM ("last-out") personnel assigned to the Shannon Scheiber/Center City Rape detail. See Complaint at ¶ 12. This was a non-overtime position. Id. On January 26, 2000, plaintiff was removed from the last-out shift and reassigned as a Court Supervisor. Id. at ¶ 13.

On or about April 7, 2000, Sergeant Frank Vanore was transferred to Homicide from the South Detective Division. See Complaint at ¶ 14. On or about April 24, 2000, plaintiff's commanding officer, Captain Stephen Glenn, was transferred from the Homicide Division to the Southwest Detectives Division. Id. at ¶ 15. On June 13, 2000, Captain Thomas Lippo transferred into the Homicide Division and became claimant's supervisor. Id. at ¶ 23.

On May 7, 2001, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging race and age discrimination. See Exhibit "A."[3] Plaintiff dual-filed this charge with the Pennsylvania Human Relations Commission ("PHRC"). Id. On April 16, 2002, the EEOC closed the charge because the EEOC was unable to conclude that the information obtained established a violation of the statutes. See Exhibit "B."[4]

On July 12, 2002, plaintiff filed a complaint in the above captioned matter. Plaintiff alleges that defendants discriminated against him on the basis of race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., the Americans with Disabilities Act, 29 U.S.C. § 623(a)(1), and the Pennsylvania Human Relations Act, 43 P.S. § 955(a). See Complaint at ¶ 32, 37, 41, and 45.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the

---

[3] Defendants submit that the Court may take judicial notice of this public document generated by the EEOC.
[4] Defendants submit that the Court may take judicial notice of this public document generated by the EEOC.

sufficiency of the allegations contained in the complaint." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); see generally Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Jenkins v. McKiethen, 395 U.S. 411, 421-22 (1969); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The court must determine "whether 'the facts alleged in the complaint, even if true, fail to support the [plaintiff's] claim.'"  Kost, 1 F.3d at 183 (quoting Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988)).  In order to defeat the motion, the complaint must "'set forth sufficient information to outline the elements of [plaintiff's] claim or to permit inferences to be drawn that these elements exist.'" Kost, 1 F.3d at 183 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1357, at 340 (2d ed. 1990)).  However, "[t]he court must only consider those facts alleged in the complaint in considering [the] motion." White v. City of Philadelphia, 118 F. Supp. 2d 564, 567 (E.D. Pa. 2000) (citing ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).

**ARGUMENT**

    I.    **Plaintiff's Complaint Alleges Incidents of Discrimination Beyond the Statute of Limitations**

As a general matter, a claim of employment discrimination under Title VII and the ADEA must be filed with the EEOC within 180 days of the last alleged discriminatory act.  See 42 U.S.C. § 2000e-5(e)(Title VII); 29 U.S.C. § 633 (B)(ADEA).  There is, however, an exception to this 180-day filing period.

Under Title VII and the ADEA, plaintiffs residing in states having an agency authorized to grant relief for federally prohibited employment discrimination must resort to that state remedy before they will be allowed to access to federal judicial relief.  Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000); see 42 U.S.C. § 2000e-5(c)(Title VII); 29 U.S.C.

633(b)(ADEA); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 754-58 (1979).  Such states are termed "deferral" states.  Id; see Evans, 441 U.S. at 758.  It is undisputed that Pennsylvania is a deferral state.  Id; see 43 Pa.Cons.Stat. § 955(a), 959; Sharpe v. Phila. Hous. Auth., 693 F.2d 24, 26 (3d Cir. 1982).

Title VII and ADEA plaintiffs, such as Barlow, who file in deferral states, must submit their administrative discrimination charge within 300 days of the challenged employment action. Watson, 235 F.3d at 854; see 42 U.S.C. § 2000e-(5)(e)(1)(Title VII); 29 U.S.C. § 626(d)(2)(ADEA); Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1413-15 (3d Cir. 1991). Thus, Barlow's attempt to obtain relief under federal law from the City's alleged employment discrimination on the basis of race and age may proceed only if he filed his administrative charge of discrimination within 300 days of the unlawful employment actions he challenges.  Watson, 235 F.3d at 854.

In the instant matter, plaintiff filed a charge with the EEOC alleging race and age discrimination on May 7, 2001.  See Exhibit "A."  Plaintiff dual-filed this charge with the PHRC. Id.  Thus, only those incidents which occurred after July 7, 2000, or within the previous 300 days, are within the applicable statute of limitation period.

However, upon review of plaintiff's complaint, only one of plaintiff's alleged acts of discrimination took place within 300 days of filing the charge.  Specifically, paragraphs 10 through 23 of the complaint allege incidents that occurred prior to July 7, 2000.  Thus, because plaintiff did not file his EEOC charge until May 7, 2001, everything alleged in the complaint prior to July 7, 2000 is untimely.  Defendants respectfully request that any allegations pertaining to events prior to July 7, 2000 be stricken and claims arising from such events be dismissed as untimely.  See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2).

### II.  Plaintiff's Exclusive Remedy to Contest Assignments and Promotions is Under the Collective Bargaining Agreement

Plaintiff asserts that he has been discriminated against because he has been assigned less desirable work details and he has not been promoted.  See Complaint at ¶¶ 31, 36, 41, and 45.  This assertion is erroneous.  To the extent that plaintiff alleges he has been assigned less desirable work details and has not been promoted, his exclusive remedy to contest assignments and promotions is under the Collective Bargaining Agreement ("CBA").  See Exhibit "C."[5]

It is now well established that the law favors arbitration as an expeditious and efficient way of resolving disputes.  Flightways Corp. v. Keystone Helicopter Corp., 331 A.2d 184 (Pa. 1975); Hazleton Area School District v. Bosak, 671 A.2d 277 (Pa. Cmwlth.1996).  Courts will not hesitate to enforce such agreements as long as the dispute in question is encompassed in the agreement to arbitrate.  Id.

In the instant case, plaintiff is a union member of the Fraternal Order of Police, Lodge No. 5.  Plaintiff's employment, including assignments and promotions, is governed by the terms of the CBA which exists between defendant and the union.  See Exhibit "C."  The CBA includes grievance and arbitration clauses, under which the parties agree that disputes arising under the agreements will be resolved through hearings at the Civil Service Commission or the American Arbitration Association.

The claim made by plaintiff in this count is subject to the grievance clause of the CBA.  Given the existence of an alternate dispute resolution mechanism for the instant claims, these claims should be dismissed because plaintiff failed to exhaust his administrative remedies.

---

[5] Defendants submit that the Court may take judicial notice of this public document.

### III.     Plaintiff's Job Assignments and/or Denials Do Not Establish an Adverse Employment Action

Plaintiff asserts that he has been discriminated against because he has been assigned less desirable work details and he has not been promoted.  See Complaint at ¶¶ 31, 36, 41, and 45.  This assertion is erroneous.

None of these claims constitutes an adverse employment action for purposes of Title VII and the ADEA.  The denial of a work detail and promotion does not constitute an adverse employment action for purposes of Title VII, where as here, plaintiff does not allege that he has applied for the position or is eligible for the position.  DiBartolo v. City of Philadelphia, 2001 U.S. Dist. LEXIS 24075, *27 (E.D. Pa., Dec. 13, 2001) (plaintiff's complaints regarding audit and re-classification of his position and selection of other employees for various positions did not constitute adverse employment actions under Title VII).

In the instant matter, plaintiff never alleges that he even applied for the various open positions.  See Complaint.  In fact, all plaintiff ever alleges is that defendants "[n]ever asked if [plaintiff] wanted the position" and plaintiff "[w]as not given the opportunity to assume the position."  Id. at ¶¶ 14, 19, and 23.  Pursuant to the above case law, plaintiff's allegations regarding assignments and alleged failures to promote do not rise to the level of an adverse employment action under Title VII or the ADEA.  See DiBartolo v. City of Philadelphia, supra.  Plaintiff filed his EEOC Charge based on these same claims.  Indeed, the EEOC agreed with the City's position on this charge, issuing a finding of no probable cause on April 16, 2002.  See Exhibit "B."  Accordingly, plaintiff's allegations regarding assignments and promotions should be dismissed.

**CONCLUSION**

For all of the above reasons, defendants respectfully request, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that any allegations pertaining to events prior to July 7, 2000, be stricken and dismissed as untimely.

Respectfully submitted,

Dated: September ___, 2002

_____
DANIEL L. GARRY
Deputy City Solicitor
City of Philadelphia Law Department
Labor & Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
(215) 683-5081