IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND BARLOW | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA, ET AL | : | NO. 02-4643 |

ORDER

AND NOW, this      day of October, 2002, it is hereby ORDERED that:

(1) the motion of defendant City of Philadelphia to dismiss defendant Philadelphia Police Department is GRANTED. The Philadelphia Police Department does not have a separate corporate existence apart from the City of Philadelphia;

(2) The motion of defendant City of Philadelphia to dismiss the plaintiff's complaint as to incidents prior to July 7, 2000 is DENIED. At this early stage, it is not possible to determine whether such incidents are part of a continuing violation; and

(3) the motion of defendant City of Philadelphia to dismiss the complaint to the extent plaintiff alleges he has been assigned less desirable work details and has not been promoted on the ground that he has an exclusive remedy under a Collective Bargaining Agreement (CBA) is DENIED. It appears from the complaint that the allegations concerning assignments and failure to promote are inextricably intertwined with the claims of race and age discrimination under 42 U.S.C. § 2000e et seq. (Title

VII), the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. Ann. § 951 et seq.  The CBA has a narrow definition of grievances: "Grievances ... [are] limited to contract violations, disciplinary suspensions, and discharges."  Nothing in the portion of the CBA which is attached to defendant's brief provides for arbitration of claims under Title VII, the ADEA, or the PHRA.  Further, the remedies under the CBA seem to be much more limited than allowed under those statutes.  See Gilmer v. Interstate/Johnson Lane Corp, 500 U.S. 20 (1991); Paladino v. Avnet Computer Techs., Inc., 134 F.3d 1054 (11th Cir. 1998); Underwood v. Chef Fransico/Heinz, 200 F. Supp. 2d 475 (E.D. Pa. 2002).

                                        BY THE COURT:


                                        _____
                                                                    J.