IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND BARLOW** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 02-CV-4643 |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant City of Philadelphia ("City"), by and through its undersigned attorney, answers plaintiff's Complaint as follows:

1. Denied.

2. Denied, except defendants admit that jurisdiction in this Court is proper.

3. Denied, except defendants admit that venue in this Court is proper.

4. Admitted.

5. Denied as stated. The City of Philadelphia is a political sub-division and municipality organized and existing pursuant to the laws of the Commonwealth of Pennsylvania. By way of further answer, plaintiff's claim against the City of Philadelphia Police Department was dismissed by Order of October 17, 2002. (Order attached as Exhibit "A").

6. Denied. By way of further answer, plaintiff's claim against the City of Philadelphia Police Department was dismissed by Order of October 17, 2002.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied as stated. Averred that plaintiff was assigned to the Scheiber Rape Detail on October 26, 1999. This was a non-overtime position. Further, plaintiff was the only Sergeant assigned to this Detail.

13. Denied. Averred that plaintiff was assigned to last out as the Sergeant of the Scheiber Rape Detail. On January 26, 2000, plaintiff was removed from the last out tour because of plaintiff's complaints. The remaining allegations are denied.

14. Denied. Averred that Sergeant Frank Vanore transferred into the Homicide Division on April 7, 2000. The remaining allegations of paragraph 14 are denied.

15. Denied. Averred that Captain Stephen Glenn transferred into the Homicide Division on April 24, 2000. After reasonable investigation, defendant is without sufficient knowledge or information to answer the remaining allegations and they are therefore denied.

16. Denied. After reasonable investigation, defendant is without sufficient knowledge or information to answer and it is therefore denied.

17. Denied. After reasonable investigation, defendant is without sufficient knowledge or information to answer and it is therefore denied.

18. Denied. After reasonable investigation, defendant is without sufficient knowledge or information to answer and it is therefore denied.

19. Denied. Averred that on May 30, 2000, Sergeant Vanore transferred into South Detective Division. The remaining allegations of paragraph nineteen are denied.

20. Denied. After reasonable investigation, defendant is without sufficient knowledge or information to answer and it is therefore denied.

21. Denied. After reasonable investigation, defendant is without sufficient knowledge or information to answer and it is therefore denied.

22. Denied. After reasonable investigation, defendant is without sufficient knowledge or information to answer and it is therefore denied.

23. Denied. Averred that Captain Lippo transferred into the Homicide Division on June 13, 2000. The remaining allegations of paragraph 23 are denied.

24. Denied.

25. Denied.

26. Admitted in part; denied in part. It is admitted that plaintiff filed a written Charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dual filed with the Pennsylvania Human Relations Commission. It is denied that defendant discriminated against plaintiff.

27. Denied as stated. Averred that the EEOC concluded that the information obtained failed to establish a violation of the statute.

28. Denied. After reasonable investigation, defendant is without sufficient knowledge or information to answer and it is therefore denied.

29. Denied. After reasonable investigation, defendant is without sufficient knowledge or information to answer and it is therefore denied.

## COUNT I

30. Paragraphs 1 through 29 of defendant's answer are incorporated by reference as though fully set forth herein.

H:\Barlow\Federal\Pleadings\Answer.doc

3

31. Denied.

32. Denied. The allegations of Paragraph 32 state conclusions of law to which no response is required.

33. Denied.

34. Denied.

## COUNT II

35. Paragraphs 1 through 34 of defendant's answer are incorporated by reference as thought fully set forth herein.

36. Denied.

37. Denied. The allegations of paragraph 37 state conclusions of law to which no response is required.

38. Denied.

39. Denied.

## COUNT III

40. Paragraphs 1 through 39 of defendant's answer are incorporated by reference as thought fully set forth herein.

41. Denied. The allegations of paragraph 41 state conclusions of law to which no response is required.

42. Denied.

43. Denied.

## COUNT IV

44. Paragraphs 1 through 43 of defendant's answer are incorporated by reference as thought fully set forth herein.

45. Denied. The allegations of paragraph 45 state conclusions of law to which no response is required.

46. Denied.

47. Denied.

### **AFFIRMATIVE DEFENSES**

48. The Complaint fails to state a claim upon which relief can be granted.

49. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or doctrine of laches.

50. Plaintiff's claims are barred by the doctrine of res judicata.

51. Defendants are entitled to all immunities and defenses afforded to them by the Political Subdivision Tort Claims Act.

**WHEREFORE**, defendant City of Philadelphia respectfully requests that the Complaint be dismissed in its entirety and that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

HON. NELSON A. DIAZ

Dated: October ___, 2002

_____
DANIEL L. GARRY
Deputy City Solicitor
City of Philadelphia Law Department
Labor & Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
(215) 683-5081